**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JAY GINSBURG,

        Plaintiff,

v.                                                                  Case No.:

COREPLUS FEDERAL CREDIT UNION,
EQUIFAX, INC., and TRANSUNION, LLC

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jay Ginsburg ("Plaintiff" or "Ginsburg") by and through his undersigned counsel, hereby files this Complaint against Defendants CorePlus Federal Credit Union; Equifax, Inc.; and TransUnion, LLC (collectively as "Defendants"), in support thereof, respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and states as follows:

## NATURE OF ACTION

1.      This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2.      The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3.      Plaintiff brings claims for his actual and punitive damages against Defendants for their false reports and/or failure to conduct a reasonable investigation into the reporting of inaccurate and incomplete information reported concerning the Plaintiff.

## JURISDICTION AND VENUE

4.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.      Venue is proper in this District as Plaintiff resided in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

6.      Plaintiff has performed all conditions precedent necessary to the maintenance of this action.

## PARTIES

7.      At all times relevant, Plaintiff has been and continues to be a resident of Sumter County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Defendant CorePlus Federal Credit Union ("CorePlus") is a corporation doing business in Florida with its principal office address in Norwich, Connecticut. Defendant CorePlus is subject to the jurisdiction of this Court as it transacts business in this District.

9.      At all times material, CorePlus is an entity who furnishes information to credit reporting agencies as provided in 15 U.S.C. § 1681s-2.

10.     Defendant Equifax, Inc. ("Equifax") is a Georgia corporation with its principal office address in Atlanta, Georgia. Defendant Equifax is subject to the jurisdiction of this Court as it transacts business in this District.

11.     At all times material, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Defendant TransUnion, LLC ("TransUnion") is a Delaware corporation with its principal office address in Chicago, Illinois. Defendant TransUnion is subject to the jurisdiction of this Court as it transacts business in this District.

14.     At all times material, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

15.     Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

16.     At all times material, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, subrogees, representatives, and insurers.

## FACTUAL BACKGROUND

17.     In or around May 2018, Plaintiff received an auto loan from Defendant CorePlus (#642067XXX) ("CorePlus Loan" or "Loan").

18.     Plaintiff has made timely payments on the CorePlus Loan to date.

19.     In or around June 2021, Plaintiff was denied credit by Valley National Bank when he attempted to purchase his Jeep he was leasing. Plaintiff was also unable to be approved for a loan to buy another vehicle.

20.     Around this time, Plaintiff viewed his credit report from Defendant TransUnion and discovered that TransUnion was incorrectly reporting negative information regarding the

CorePlus Loan, including but not limited to, that Plaintiff's payments on the Loan were delinquent in June 2019, September 2019, November 2019, April 2020, and November 2020.

21.     Plaintiff immediately disputed the accuracy of TransUnion's credit report regarding the CorePlus Loan, advising TransUnion it was incorrectly reporting that the Loan was delinquent in those months because he had always made timely payments on the Loan.

22.     Upon information and belief, TransUnion electronically sent the information provided by Plaintiff regarding his dispute to Defendant CorePlus.

23.     On or about June 25, 2021, TransUnion responded by advising Plaintiff that it was going to cease reporting that Plaintiff's payments on the Loan were delinquent in June 2019, September 2019, November 2019, and April 2020.

24.     However, when Plaintiff received a credit report from Defendant TransUnion on or about July 13, 2021, he found that TransUnion had not removed those delinquencies, and thus, was still reporting inaccurate and negative information that Plaintiff's payment on the Loan was delinquent in June 2019, September 2019, November 2019, April 2020, and November 2020.

25.     Plaintiff again immediately disputed the accuracy of TransUnion's reporting regarding delinquent payments for the CorePlus Loan.

26.     Upon information and belief, TransUnion electronically sent the information provided by Plaintiff regarding this dispute to Defendant CorePlus.

27.     Plaintiff also disputed the accuracy of the information regarding the CorePlus Loan payments with CorePlus on or about July 13, 2021.

28.     On or about July 21, 2021, CorePlus admitted to Plaintiff it had erroneously reported that Plaintiff's payments on the Loan were delinquent in June 2019, September 2019, November 2019, and April 2020, but denied the reporting regarding the delinquency in November

2020 was erroneous. CorePlus advised Plaintiff it has submitted corrections to the credit reporting agencies to remove the delinquencies on the Loan for June 2019, September 2019, November 2019, and April 2020.

29.     On or around July 23, 2021, Defendant TransUnion advised Plaintiff that it was going to cease reporting that Plaintiff's payments on the Loan were delinquent in June 2019, September 2019, November 2019, and April 2020.

30.     On August 13, 2021, Plaintiff again disputed with CorePlus its reporting that his November 2020 payment on the Loan was delinquent/past due because the payment was actually timely made.

31.     On or about August 21, 2021, Plaintiff also disputed Defendant Equifax's reporting on the CorePlus Loan after he discovered that Equifax was reporting that he had made delinquent payments on the Loan, even though all Plaintiff's payments on the Loan had been timely made.

32.     Upon information and belief, Equifax electronically sent the information provided by Plaintiff regarding this dispute to Defendant CorePlus.

33.     In late September/early October 2021, Plaintiff received another credit report from Defendant TransUnion which again re-reported that Plaintiff's payments on the CorePlus Loan were 30 days late in September 2019, April 2020, and November 2020.

34.     Plaintiff immediately contacted TransUnion to dispute the re-insertion of this negative information regarding the CorePlus Loan on his credit report.

35.     Upon information and belief, TransUnion electronically sent the information provided by Plaintiff regarding this dispute to Defendant CorePlus.

36.     On October 18 and 19, 2021, Plaintiff again contacted several individuals he has been communicating with at CorePlus to dispute the three (3) late payments that were again showing on his credit reports; however, CorePlus responded that it was not seeing the same errors.

37.     A few days later, on October 23, 2021, Plaintiff provided CorePlus with copies of an earlier TransUnion credit report showing the Loan reporting had been corrected, and the October 2021 TransUnion credit report showing some of the reporting errors on the CorePlus Loan had been reinstated.

38.     On or about October 29, 2021, Plaintiff received an email from CorePlus acknowledging that his November 2020 payment on the CorePlus Loan was timely made.

39.     On October 30, 2021, Plaintiff received a TransUnion credit report which was no longer reporting that Plaintiff's payments on the Loan were delinquent in September 2019 and April 2020 but which continued reporting that Plaintiff's payment on the Loan was delinquent in November 2020.

40.     On November 4, 2021, Plaintiff received an Equifax credit report which was reporting that Plaintiff's payment on the Loan was 60 days delinquent in November 2020.

41.     Just a few weeks later, on November 16, 2021, Plaintiff received an Equifax credit report which was now reporting that Plaintiff's payment on the Loan was 30 days delinquent in November 2020.

42.     On November 30, 2021, Plaintiff received yet another Equifax credit report which was again reporting that Plaintiff's payment on the Loan was 30 days delinquent in November 2020.

43.     On December 3, 2021, Plaintiff was denied a credit card with Wells Fargo Bank and was advised the denial was due to the listing of a late payment(s) within the last 2 years.

44.     On January 8, 2022, Defendant TransUnion agreed to fix the reporting on Plaintiff's CorePlus Loan account.

45.     On January 24, 2022, Plaintiff was denied credit through three credit card applications for Discover cards.

46.     On January 24, 2022, Plaintiff received a TransUnion credit report which showed that Plaintiff still owed $16,029.00 on the CorePlus Loan, even though the account should have been reporting as closed with zero balance.

47.     On February 14, 2022, Plaintiff disputed Defendant TransUnion's reporting by letter which showed that Plaintiff still owed $16,029.00 on the CorePlus Loan, even though the account should have been reporting as closed with zero balance.

48.     Upon information and belief, TransUnion electronically sent the information provided by Plaintiff regarding this dispute to Defendant CorePlus.

49.     As a result of Defendants' conduct, Plaintiff has suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; increased down payments rates; loss of income; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and other emotional pain, anguish, humiliation, and embarrassment.

50.     As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and have agreed to pay said counsel a reasonable attorney's fee.

**COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST COREPLUS**

51.     Plaintiff realleges and incorporates paragraphs 1 through 50, as if fully set out herein.

52.     Upon information and belief, when Plaintiff mailed her detailed, written disputes

and enclosures to the Defendant credit reporting agencies (Equifax and TransUnion), they transmitted those disputes and the information provided by Plaintiff to CorePlus via ACDV forms.

53.     CorePlus understood the nature of the Plaintiff's disputes when it revived the ACDV and information provided by Plaintiff from these credit reporting agencies.

54.     When CorePlus received the ACDV from these credit reporting agencies, it could have reviewed its own systems and previous communications with the Plaintiff.

55.     Notwithstanding the above, Defendant CorePlus violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes regarding the erroneous information on the CorePlus Loan being furnished to credit reporting agencies; by failing to review all relevant information regarding same; by modifying and failing to accurately report regarding alleged delinquencies; by failing to correctly report results of an accurate investigation(s) to every credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information regarding the CorePlus Loan to the consumer reporting agencies.

56.     As a result of this conduct, action and inaction of Defendant CorePlus, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

57.     Defendant CorePlus' conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

58.     The Plaintiff is entitled to recover costs and attorney's fees from Defendant CorePlus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

       (a)    Appropriate statutory penalties for each violation of the FCRA;
       (b)    Actual damages;
       (c)    Punitive damages;
       (d)    Reasonable attorney's fees and the costs of this litigation;
       (e)    Pre-judgment and post-judgment interest at the legal rate;
       (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
       (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT II - FAILURE TO REINVESTIGATE AGAINST EQUIFAX, INC

59.    Plaintiff re-alleges and reincorporates paragraphs 1 through 50, as if fully set forth herein.

60.    Defendant Equifax failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to assure accurate information Plaintiff's credit reports was included after actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

61.    Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

62.    Plaintiff was harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

       (a)    Appropriate statutory penalties for each violation of the FCRA;
       (b)    Actual damages;
       (c)    Punitive damages;
       (d)    Reasonable attorney's fees and the costs of this litigation;
       (e)    Pre-judgment and post-judgment interest at the legal rate;
       (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
       (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT III - FAILURE TO ASSURE ACCURACY AGAINST EQUIFAX, INC

62.     Plaintiff re-alleges and reincorporates paragraphs 1 through 50, as if fully set forth herein.

63.     Defendant Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

64.     Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

65.     Plaintiff was harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

      (a)     Appropriate statutory penalties for each violation of the FCRA;
      (b)     Actual damages;
      (c)     Punitive damages;
      (d)     Reasonable attorney's fees and the costs of this litigation;
      (e)     Pre-judgment and post-judgment interest at the legal rate;
      (f)     Appropriate equitable relief, including the correction of Plaintiff's credit score; and
      (g)     Such other relief as the Court deems equitable, just, and proper.

## COUNT IV – CONTINUING TO REPORT INACCURATE AND/OR UNVERIFIABLE INFORMATION AGAINST EQUIFAX, INC.

66.     Plaintiff re-alleges and reincorporates paragraphs 1 through 50, as if fully set forth herein.

67.     In violation of 15 U.S.C. § 1681i(a)(5), Defendant Equifax inaccurately reported on Plaintiff's CorePlus Loan, including but not limited to, by including that the Loan was delinquent/past due in the credit report and credit files maintained and published by Equifax concerning Plaintiff when reinvestigation would have found that Plaintiff had always made timely payment on the Loan.

68.     Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

69.     Plaintiff was harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT V - FAILURE TO REINVESTIGATE AGAINST TRANSUNION

70.     Plaintiff re-alleges and reincorporates paragraphs 1 through 50, as if fully set forth herein.

71.     Defendant TransUnion failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to assure accurate information Plaintiff's credit reports was included after actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

72.     Defendant TransUnion's conduct, action, and inaction was willful, or, in the alternative, negligent.

73.     Plaintiff was harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;

(d)     Reasonable attorney's fees and the costs of this litigation;
(e)     Pre-judgment and post-judgment interest at the legal rate;
(f)     Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g)     Such other relief as the Court deems equitable, just, and proper.

## COUNT VI - FAILURE TO ASSURE ACCURACY AGAINST TRANSUNION

74.     Plaintiff re-alleges and reincorporates paragraphs 1 through 50, as if fully set forth herein.

75.     Defendant TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

76.     Defendant TransUnion's conduct, action, and inaction was willful, or, in the alternative, negligent.

77.     Plaintiff was harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Appropriate statutory penalties for each violation of the FCRA;
(b)     Actual damages;
(c)     Punitive damages;
(d)     Reasonable attorney's fees and the costs of this litigation;
(e)     Pre-judgment and post-judgment interest at the legal rate;
(f)     Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g)     Such other relief as the Court deems equitable, just, and proper.

## COUNT VII – CONTINUING TO REPORT INACCURATE AND/OR UNVERIFIABLE INFORMATION AGAINST TRANSUNION

78.     Plaintiffs re-allege and reincorporate paragraphs 1 through 46, as if fully set forth herein.

79.     In violation of 15 U.S.C. § 1681i(a)(5), Defendant TransUnion failed to:

a.   Delete the inaccurate and/or negative reports regarding the CorePlus Loan being delinquent on credit reports and credit files it maintained and published concerning

Plaintiff after a reinvestigation would have found that Plaintiff had always made timely payments on the CorePlus Loan; and

    b.   Comply with its certification and notice obligations regarding the reinsertion of previously deleted information on credit reports and credit files it maintained and published concerning Plaintiff.

80.    Defendant TransUnion's conduct, action, and inaction was willful, or, in the alternative, negligent.

81.    Plaintiff was harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury as to all counts so triable.

Date:  May 24, 2022

                  Respectfully Submitted,

                  */s/ Dennis A. Creed, III*
                  Dennis A. Creed, III, Esq.
                  Florida Bar No. 0043618
                  Email: dcreed@creedlawgroup.com
                  Bradley R. Hall, Esq.
                  Florida Bar No.: 26172
                  Email: bhall@creedlawgroup.com
                  Creed Law Group, PLLC d/b/a
                  Creed & Hall
                  13043 West Linebaugh Avenue
                  Tampa, FL 33626
                  Telephone: (813) 444-4332
                  Fax: (813) 441-6121

                  and

/s/ Christopher W. Boss
BOSS LAW
Christopher W. Boss, Esq.
Fla. Bar No.: 13183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Email: cpservice@protectyourfuture.com

*Attorneys for Plaintiff*